GEORGE C. RAND & another *vs.* WATSON FREEMAN.

In an action against an officer for the conversion of property attached by him on a writ against one under whom the plaintiff claims title by a prior purchase, the plaintiff, while testifying in his own behalf, may be asked by his counsel if he took possession of the property; and the introduction in evidence of a notice given by him to the defendant, in which he claimed ownership thereof and demanded its return, furnishes no ground for a new trial.

TORT against the United States marshal, for the conversion of various articles used in the manufacture of india-rubber syringes, which were attached by him as the property of Morris Matson. The plaintiffs claimed under a prior sale from Matson to them.

At the trial in the superior court, one of the plaintiffs was called as a witness, and his counsel put to him this question: " Did you take possession of the property?" To this the de-

fendant's counsel objected, not as leading, but as incompetent to prove possession; but the objection was overruled by *Putnam*, J., and the witness answered that he did. The court instructed the jury that this evidence of itself would not prove possession; and also instructed them as to what was necessary to constitute a change of possession.

The plaintiffs offered in evidence and read to the jury two notices in writing given by them to the defendant, in which they claimed ownership of the property sued for and demanded its return. The defendant then objected to them; but the court ruled that they were immaterial upon the question of conversion, and that it was of no consequence whether they were admitted or not.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*B. F. C. Cressy*, for the defendant.

*G. H. Preston*, for the plaintiffs.

CHAPMAN, J. The plaintiffs' declaration alleges that the defendant converted to his own use the articles enumerated, the property of the plaintiffs. The answer denies both the conversion and property in the plaintiffs; and, in a very imperfect manner and with unnecessary verbiage, alleges in substance that the articles were the property of Morris Matson, and were attached by the defendant on a writ in favor of the American India Rubber Company against Matson.

The plaintiffs having offered evidence that they purchased the articles of Matson before the defendant took them, one of the plaintiffs, being upon the stand as a witness, was asked by his counsel, " Did you take possession of the property ? " It is objected that the question was illegal, because possession consists partly of law and partly of fact. But it is a sufficient answer to this to say that the word is often used merely in reference to the fact, and the defendant could have protected himself from all prejudice by cross-examination. The instructions of the court were a sufficient protection.

The plaintiffs proved that they gave to the defendant notice of their claim. It is not uncommon to give such notices even

when they are not necessary, and they are admissible in evi-
dence. They are proper in such cases as precautionary meas-
ures. 1 Chit. Gen. Practice, 438. The instructions of the court
protected the defendant from being prejudiced by this evidence.

*Exceptions overruled.*